# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00522-CV

---

**Yonghui "Richard" Zhu, Appellant**

**v.**

**VivaTech Electronics, LLC; Blessed Land Development, LLC; Rongchuan Albert Zheng; Luke Secora; and Josh Steelman, Appellees**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
NO. C-1-CV-20-003843, THE HONORABLE TODD T. WONG, JUDGE PRESIDING**

---

## CONCURRING AND DISSENTING OPINION

I join the Court's opinion except for the portions that resolve Zhu's derivative fiduciary-duty claims against Blessed Land and Steelman in the first issue and determine that the trial court erred in awarding attorney's fees to Blessed Land and Steelman in the third issue. Having reviewed the record, including the motions for summary judgment and the evidence attached in support of those motions, I believe that both Steelman and Blessed Land raised traditional summary-judgment grounds regarding Zhu's derivative fiduciary-duty claims. *See Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004) (explaining that summary-judgment motion may be treated as hybrid one seeking traditional and no-evidence grounds if requirements of Rule 166a are met); *Finley v. J.C. Pace Ltd.*, 4 S.W.3d 319, 320 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (noting that substance of motion is gleaned from body and prayer for relief); *see also* Tex. R. Civ. P. 166a(b)(2) (noting that motion may be titled traditional, no-evidence, or

combined motion for summary judgment); *Luna v. Garcia*, No. 02-23-00209-CV, 2023 WL 7400927, at *3 (Tex. App.—Fort Worth Nov. 9, 2023, pet. denied) (mem. op.) (noting that attachment of evidence can indicate that motion is seeking relief on traditional summary judgment grounds).

Accordingly, I would have addressed whether the trial court's summary-judgment ruling pertaining to the derivative fiduciary-duty claims could have been upheld on traditional grounds in the first issue and addressed what effect, if any, the modified resolution of that issue had on the third issue pertaining to attorney's fees for those claims. *See Texas Workers' Comp. Comm'n v. Patient Advocs. of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004) ("The reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious."); *see also Creative Thinking Sources, Inc. v. Creating Thinking, Inc.*, 74 S.W.3d 504, 514 (Tex. App.—Corpus Christi-Edinburg 2002, no pet.) (explaining that ambiguity regarding what type of summary-judgment motion was filed will be resolved in favor of construction that motion was "a traditional summary judgment" one). For these reasons, I respectfully dissent from the portions of the Court's judgment and opinion that resolve Zhu's derivative fiduciary-duty claims against Blessed Land and Steelman and reverse the attorney's fees award to Blessed Land and Steelman for those claims.

_____

Karin Crump, Justice

Before Justices Theofanis, Crump, and Ellis

Filed: June 30, 2026

2